JOHN WILLIAM BUTLER, PLAINTIFF-RESPONDENT, v. BAKELITE COMPANY, DIVISION OF UNION CARBIDE CORP., AND METROPOLITAN LIFE INSURANCE COMPANY, DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued June 1, 1959—Decided July 2, 1959.

406

Before Judges GOLDMANN, CONFORD and HANEMAN.

*Mr. Nicholas Conover English* argued the cause for appellants (*Messrs. McCarter & English,* attorneys).

*Mr. Herman D. Ringle* argued the cause for intervener (*Mr. David D. Furman,* Attorney General, attorney for intervener).

The opinion of the court was delivered by

HANEMAN, J. A. D.   Defendants appeal from a decision of the Division of Employment Security awarding plaintiff temporary disability benefits under an approved private insurance plan in effect between defendants in accord with the provisions of the Temporary Disability Benefits Law,

*N. J. S. A.* 43:21–25 to 56. Their position is that his right to benefits, which is conceded, derives only under the facts of this case, from *N. J. S. A.* 43:21–4(*f*), the Unemployment Compensation Act, and that the benefits are therefore payable from the State Disability Benefit Fund rather than by defendant's insurer.

Plaintiff had been employed by defendant Bakelite as a laborer for approximately five years. On June 16, 1958 he was "laid off" by his employer. Bakelite contends that plaintiff was discharged, *i. e.,* that the employment relationship was terminated on June 16, 1958. Plaintiff was paid a sum as a vacation allowance equal to two weeks' pay, plus a further sum equal to 1½ weeks' wages as severance pay. These payments were made in accord with the provisions of the contract between a union and Bakelite.

On July 3, 1958 plaintiff nearly amputated his thumb while chopping wood at a farm owned by his father-in-law at Springbrook, Pennsylvania. He was disabled from that date until September 22, 1958. He had no other employment on July 3, 1958.

Plaintiff filed a claim with the Division for Unemployment Compensation arising from his total disability to perform work while unemployed, *N. J. S. A.* 43:21–4(*f*). The Division denied liability on the ground that as the injury occurred within 14 days of the termination of his employment by Bakelite, plaintiff was a "covered individual" and entitled to the benefits provided under the Temporary Disability Benefits Law, *N. J. S. A.* 43:21–27(*b*); 43:21–4(*g*)(7). The Division took the position that as plaintiff had received two weeks' wages as vacation pay and 1½ weeks' wages as severance pay, he was in the employ of Bakelite after the date of his termination for a period as extended by the vacation and severance pay periods. Defendant's carrier also denied liability, taking the position that on June 16, 1958 plaintiff's employment was terminated; that the vacation pay was in lieu of a vacation period and that the severance pay was in lieu of a notice of termination

of his employment; neither of which payments extended the period of employment beyond June 16, 1958.

Plaintiff filed a complaint with the Division and the matter was presented to a hearing officer who held that plaintiff was in defendant's employ during the time periods represented and as extended by vacation and severance pay. It was held that the accident occurred within 14 days of the employment termination as extended, and that defendants were liable to pay the disability benefits from the private insurance plan.

All concede that plaintiff is entitled to compensation. The only issue is whether it should be paid under the Temporary Disability Benefits Law, private plan, or under the Unemployment Compensation Law. Under the Temporary Disability Benefits Law a "covered individual" is "any person who is in employment, * * * for which he is entitled to remuneration from a covered employer, or who has been out of such employment for less than two weeks." *N. J. S. A.* 43:21–27(*b*). "Employment" is defined as "service * * * performed for remuneration or under any contract of hire * * *." *N. J. S. A.* 43:21–19(*i*)(1). Thus, a covered individual under the Temporary Disability Benefits Law is any person who is performing service for a covered employer for which he is entitled to remuneration, or any person who has been out of such employment for less than two weeks.

The key to plaintiff's right of recovery under the Temporary Disability Benefits Law is the determination of the issue whether he was performing service to Bakelite within two weeks of his accidental injury. That issue is, in turn, predicated upon a determination of the effect of vacation and severance pay upon the employment relationship. There is no indication in the proofs of this case that plaintiff's discharge on June 16, 1958 was anything other than an unqualified termination of his employment by Bakelite. Both plaintiff and Bakelite have termed his discharge a "lay off," but it is apparent that they used that term not as a word of art but as a colloquialism to distinguish the termination

of his work from a firing or discharge for cause relating to his work performance.

In *Owens v. Press Publishing Co.,* 20 *N. J.* 537, 545–46 (1956), severance pay was defined as:

"\* \* \* terminal compensation measured by the service given during the subsistence of the contract, in this case the collective bargaining agreement, payable on discharge from the employment not induced by misconduct, according to the prescribed formula, a means of recompense for the economic exigencies and privations and detriments resulting from the permanent separation of the employee from service for no fault of his own. In a real sense it is remuneration for the service rendered during the period covered by the agreement."

The vacation pay has also been classified as "deferred compensation, in lieu of wages, earned in part each week the employee works, and payable at some later time." *Botany Mills, Inc. v. Textile Workers Union, etc.,* 50 *N. J. Super.* 18, 30 (*App. Div.* 1958), and cases there cited; certif. granted, 27 *N. J.* 230 (1958), appeal dismissed April 27, 1959. It is clear, then, that neither vacation nor severance pay operates to extend the period of employment beyond the date of total separation. The right to such payments arises from the employee's past work performance and the sums may be payable at the date of discharge under the terms of the employment agreement. (We are, of course, not concerned here with whether there is ordinarily an employment status during an earned vacation.)

The hearing officer was impressed with the fact that unemployment and disability insurance premiums were deducted from plaintiff's vacation and severance pay, a fact which defendants did not deny. That matter apparently came to the attention of the hearing officer after the hearing was closed. It was not a part of the case which was laid before him by the parties. Whatever may be the effect of such deductions in the overall proofs which would tend to establish the existence of the employment relationship beyond the period of the termination of work, those matters should

not be left open to speculation and surmise. If they are to be controlling or otherwise binding they should be fully investigated at a plenary hearing where the guarantees of a full and fair hearing are accorded the parties. The deduction of premiums on account of unemployment and disability insurance is consistent with the conventional view of vacation and severance pay, *i. e.,* those sums which are earned during the employment period and are payable later are to be treated no differently from other remuneration earned during that same period, insofar as the usual payroll deductions are concerned. That the same are payable at the termination of the employment relationship will not, *ipso facto,* extend the period of employment beyond the terminal date.

We hold, under the present proofs, that plaintiff was not in the "employment" of Bakelite after June 16, 1958, within the meaning of the Temporary Disability Benefits Law, and that the benefits payable to him should be made in accordance with the provisions of *N. J. S. A.* 43:21–4(*f*).

The decision of the Division is reversed and the matter remanded for the entry of a proper order consistent with the foregoing.